UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL ZAMBRANO,

    *Petitioner,*

v.                                  Case No. 3:25-cv-1464-JEP-LLL

U.S. ATTORNEY GENERAL, et al.,

    *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a). (Doc. 1). Petitioner also filed a memorandum of law in support of his petition. (Doc. 2). Petitioner alleges that: he is a citizen of Ecuador who entered the United States without inspection or parole in about 2005; on January 23, 2020, the Department of Homeland Security ("DHS") issued him a notice to appear, initiating removal proceedings against him; on November 30, 2021, an immigration judge administratively closed those removal proceedings; on October 6, 2025, DHS's request to recalendar Petitioner's removal proceedings was granted; and at some point in 2025, he was apprehended by ICE. (Doc. 1

at 3–4). Petitioner contends that his detention without an individualized bond hearing violates his substantive and procedural due process protections under the Fifth Amendment to the United States Constitution; and that his ongoing detention violates the Fourth Amendment "because there are no reasonable, objective grounds for [his] ongoing and indefinite detention." (*Id.* at 10–11). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See* Doc. 1 at 7–10; *see generally* Doc. 2).

The Federal Respondents (Garrett Ripa, Markwayne Mullin, and Todd Blanche[1]) filed a response, arguing that the Court lacks jurisdiction to entertain the petition, Petitioner failed to exhaust his administrative remedies,[2] and in any event, the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). (Doc. 8). Petitioner filed a reply countering the Federal Respondents' arguments. (Doc. 9).

In an order issued on January 26, 2026, this Court addressed claims and arguments similar to those raised in this case, concluding that the Court has

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

[2] The Court need not address the exhaustion issue because the petition is due to be denied. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.").

jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, --- F. Supp. 3d ---, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026); *see also Costa v. Noem*, No. 3:25-cv-1384-JEP-MCR, 2026 WL 456771, at \*1 (M.D. Fla. Feb. 18, 2026). As did the petitioner in *Diaz Lopez*, Petitioner claims that his detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. To the extent that Petitioner's claims and arguments are the same as those addressed in *Diaz Lopez*, for the reasons stated in that order, this Court concludes that § 1225(b)(2)(A) governs Petitioner's detention. *See generally Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).[3] Indeed, his status is no different than the petitioner's

---

[3] This Court has kept apprised of emerging federal court rulings on this issue, but in the absence of a ruling from the Supreme Court or the Eleventh Circuit, and for the reasons set forth in *Diaz Lopez*, 2026 WL 261938, at \*7–12, this Court rejects Petitioner's interpretation of the INA. Moreover, while numerous district courts have addressed the statutory interpretation question that Petitioner presents, only two courts of appeals—the Fifth and Eighth Circuits—have squarely done so. And in their opinions, those courts of appeals gave the same answer that this Court did in *Diaz Lopez. See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at \*1–6 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez*, 166 F.4th at 498–508; *but see Castanon-*

in *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to his detention: he is a noncitizen who has been living in the country for some time without having been admitted, and he has been detained for his removal proceedings. As such, for the reasons stated in *Diaz Lopez*, Petitioner is lawfully detained under § 1225(b)(2)(A) and his claims fail. *See Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez*, 166 F.4th at 502-08.

Regarding Petitioner's Fourth Amendment claim, the Court initially notes that Petitioner does not adequately support this claim. The sole reference to the Fourth Amendment is in his "Second Claim" of his petition – he does not otherwise discuss the Fourth Amendment in his petition, memorandum of law, or reply. Nevertheless, his challenge to his prolonged detention is properly analyzed under the Fifth Amendment—not the Fourth Amendment. *See Anazco v. Baltazar*, No. 26-CV-01133-PAB, 2026 WL 1004485, at *4 (D. Colo. Apr. 14, 2026)[4] ("[P]etitioner's challenge to his prolonged detention is properly

---

*Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). The undersigned deems highly persuasive the Fifth and Eighth Circuits' dispassionate, carefully reasoned, and thorough analyses, which the courts judiciously confined to the statutory text, structure, and context, without discussion of extraneous considerations. *See generally Avila v. Bondi*, 2026 WL 819258, at *1–6; *Buenrostro-Mendez*, 166 F.4th at 498–508.

[4] Although district court orders are non-precedential, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

analyzed under the Fifth Amendment, not the Fourth Amendment."); *Rashid v. Trump*, 807 F. Supp. 3d 349, 373 (D. Vt. 2025) (recognizing that "[t]he Second Circuit has long analyzed claims of prolonged detention under the Due Process Clause, not the Fourth Amendment"); *cf. Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1228 n.32 (11th Cir. 2016) (Pryor, J., concurring in part and dissenting in part) (stating, in the context of a *Bivens*[5] claim, "The Supreme Court has explained that a challenge to continued detention is better understood as a Fifth Amendment due process claim than as a Fourth Amendment illegal seizure claim.") (citing *Baker v. McCollan,* 443 U.S. 137, 144 (1979).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment denying the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on April 20, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[5] *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

c:
Counsel of Record

6